ALD-257                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2710
_____

DR. CHANDAN S. VORA,
                                              Appellant
v.

DR. TEJAS PATEL, Psychiatric Ward Director; A. OANDASAN, Psychiatric Ward
Director; CONEMAUGH VALLEY MEMORIAL HOSPITAL, with their staff
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00116)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2011

Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed  August 25, 2011)
_____

OPINION
_____

PER CURIAM

        Dr. Chandan S. Vora appeals pro se from the District Court's sua sponte dismissal

of a civil rights complaint.  For the reasons that follow, we will summarily affirm the

District Court's judgment.

In the complaint, Dr. Vora alleged that she received improper medical treatment, including the forced administration of antipsychotic medication, while confined in the psychiatric ward at Connemaugh Valley Memorial Hospital. She named as defendants the Hospital and two of the doctors who treated her. The District Court granted Dr. Vora's application to proceed in forma pauperis, but concluded that her "allegations . . . seek to attack matters over which this court lacks jurisdiction and otherwise fail to state a claim upon which relief can be granted." Accordingly, the District Court dismissed the complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). Dr. Vora appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Dr. Vora's notice of appeal and other submissions, we conclude that there is no substantial question presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. Even if the defendants were state actors, none of their alleged conduct shocks the conscience. See Benn v. Universal Health System, Inc., 371 F.3d 165, 175 (3d Cir. 2004) (holding that administration of antipsychotic drugs was not shocking to the conscience where plaintiff did not allege that he objected to the medication). In addition, we conclude that granting Dr. Vora leave to amend the complaint in the instant case would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we conclude that no substantial question is presented by

this appeal.  <u>See</u> I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's

judgment.